Eric TOHTZ, Appellant,

v.

UNITED STATES of America on Behalf of DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Appellee.

No. 86–CA–2871–MR.

Court of Appeals of Kentucky.

Jan. 8, 1988.

Henry A. Triplett, D. Thomas Hansen, Louisville, for appellant.

Joseph M. Whittle, U.S. Atty., Richard A. Dennis, Asst. U.S. Atty., Louisville, for appellee, U.S. of America on Behalf of Dept. of Housing and Urban Development.

Before HOWERTON, C.J., and COMBS and McDONALD, JJ.

COMBS, Judge.

Appellant and attorney at law, Eric Tohtz, appeals from the order of the McCracken Circuit Court which sanctioned him pursuant to CR 11 for his filing of a motion to vacate that court's judgments.

Republic Savings Bank [Republic] filed a mortgage foreclosure action against Freeda Allison. The United States of America, Department for Housing and Urban Development [HUD] was named as an additional defendant due to its having a second mortgage on the property.

Allison retained attorney Tohtz who filed an answer on her behalf, and averred numerous affirmative defenses to the complaint. The defenses alleged violations of federal and state laws protecting consumers, but a detailed exploration of them is unnecessary.

HUD filed an answer and a cross-claim against Allison. Tohtz responded, again asserting the defenses under federal and state consumer protection laws.

Republic and HUD filed a joint motion for summary judgment pursuant to CR 56, and Allison, by and through Tohtz, filed a response reasserting her defenses and citing supporting cases. The trial court entered its order granting the motion for summary judgment. That same day it also entered its accompanying findings of fact, judgment and order of sale.

Tohtz then filed a motion to vacate the order granting summary judgment, and the judicial sale order. Tohtz argued in the motion to vacate that the judgments "are erroneous on the record because they do not dispose of the clear claims of Freeda

Allison under the applicable state and federal consumer loan disclosure statutes." The motion also stated that HUD had never complied with a federal statutory procedure which it had initiated.

HUD and Republic responded, but HUD additionally sought to sanction Tohtz, alleging that his motion to vacate the summary judgment and the judicial sale order was filed in violation of CR 11. The trial court overruled Tohtz's motion to vacate, but granted HUD's CR 11 motion.

The portions of CR 11 pertinent to this case state:

> Rule 11. Signing of Pleadings, Motions, and Other Papers; Sanctions
>
> .    .    .    .    .
>
> The signature of an attorney or party constitutes a certification by him that he has read the pleading, motion or other paper, that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
>
> .    .    .    .    .
>
> If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

No CR 11 motion or appeal can be decided in a vacuum. Its very language necessarily turns attention towards the underlying "pleading, motion or other paper" that gives rise to it. This case, then, while nominally a CR 11 appeal, can only be judged by the law according to not only CR 11, but CR 56.03 and 59.05 as well. Only by knowing what is expected from bench and bar by these latter two rules can we decide if Tohtz's motion was warranted according to the former rule.

Both sides vigorously argue at great length the applicability of the statutory consumer protection laws set forth by Tohtz. HUD argues that Tohtz's motion to vacate is "bare-bones," "unsupported" and "unreasonable." Tohtz argues that CR 11 was never intended to be applied to a case such as this, and is "probably unconstitutional" under Section 2 of Kentucky's Constitution.

Respective counsel refer this court to no less than two United States Supreme Court decisions, eight federal circuit court decisions, five federal district court decisions, fourteen Kentucky court decisions, four decisions from foreign jurisdictions, literally hundreds of pages of federal and state statutes, one law review article and an edition of the *Kentucky Bench and Bar*. Not all legal warfare needs to be gloriously waged at the heights of empyrean. Oftentimes these resolutions can be humbly reached at ground level, and such is the case here.

■ Tohtz's motion to vacate undoubtedly objected to the summary judgment (as well as to the judgment and order of sale made possible thereby) because it had not passed upon his legal arguments. CR 56.03 mandates that a summary judgment "shall be rendered forthwith if ... there is no genuine issue of material fact *and ... the moving party is entitled to judgment as a matter of law.*" [Emphasis court's]. *Both* ingredients must exist.

The summary judgment entered by the trial court reads as follows:

> IT IS HEREBY ORDERED AND ADJUDGED that there is not material issue of fact and that a Summary Judgment against the Defendant, Freeda Allison, be entered in this action.

Obviously, the order granting summary judgment made no ruling that Republic and HUD were entitled to judgment as a matter of law. Thus, the order on its face is fatally defective under CR 56.03. Tohtz's motion attacked the judgment because he still had before the court matters of law upon which the trial court had not ruled. This being the situation, we hold that CR

11 was not violated by Tohtz; that his motion to vacate was warranted by existing law, was not interposed for any improper purpose, and that the order imposing sanctions upon attorney Tohtz is erroneous.

We further hold that CR 11 is not violative of Section 2 of Kentucky's constitution for being arbitrary. We do not believe the rule lacks objective standards, and hope this opinion to a certain extent shows that it *can* be objectively applied.

Judicial temperament varies somewhat from judge to judge, and where one judge would apply CR 11 another might forbear. Yet the same could be said for interpretations and applications of many of the Rules of Civil Procedure. This is one of the reasons we have a fourteen-Judge Court of Appeals and a seven-Justice Supreme Court, and why some decisions are affirmed while others are reversed.

We believe the standards within CR 11 provide adequate safeguards against its being applied with wild abandon. It takes more than a showing that a Civil Rule cannot be applied with mathematical certitude to demonstrate that it is unconstitutionally arbitrary.

The order of the McCracken Circuit Court is hereby reversed.

All concur.